UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                       )
STEPHEN ROY MATTATALL,                 )
                                       )
             Petitioner,               )        C.A. No. 16-12 S
                                       )
      v.                               )
                                       )
ASHBEL T. WALL,                        )
                                       )
             Respondent.               )
_____)

## MEMORANDUM AND ORDER

William E. Smith, Chief Judge.

Before the Court is Petitioner Stephen Roy Mattatall's second or successive petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  (ECF No. 1.)  Mattatall failed to obtain a certificate of appealability from the Court of Appeals authorizing the district court to review his second § 2254 petition as required by 28 U.S.C. § 2244.  As a result, and as detailed below, the motion is DENIED.

I. Background[1]

In November 1984, Petitioner was found guilty of murder in the second degree and was sentenced to a term of forty years imprisonment, with an additional ten years imposed under the

_____

[1]  For a detailed account of the facts and travel of Petitioner's underlying conviction, see State v. Mattatall, 603 A.2d 1098 (R.I. 1992), the Rhode Island Supreme Court's decision affirming Petitioner's convic... after his third trial.  This Court gleans the following back  ...nd from that opinion.

applicable habitual offender statute.  See State v. Mattatall, 603 A.2d 1098, 1101 (R.I. 1992).  Petitioner successfully appealed his conviction in the Rhode Island Supreme Court and, after granting the State's certiorari petition, the United States Supreme Court agreed that Petitioner's 1984 conviction should be vacated.  Id. A second trial held in Superior Court in 1987 ended in a mistrial after Petitioner was twice held in contempt of court by the presiding judge for his disruptive behavior.  Id. at 1102.  In 1988, a third trial resulted in a second guilty verdict against Petitioner for murder in the second degree.  Id. at 1104.  He was sentenced to sixty years imprisonment, plus an additional twenty years under the habitual offender statute.  Id. at 1105.

Mattatall first appealed his 1988 sentence to the Rhode Island Supreme Court in 1989.  (ECF No. 1-2.)  That appeal was denied in 1991, after which Petitioner filed a petition for reargument.  Id. The Rhode Island Supreme Court granted this petition.  See generally Mattatall, 603 A.2d 1098.  At that time, Petitioner argued that the evidence presented at trial was insufficient to warrant a conviction of second-degree murder.  Id. at 1105.  In a lengthy order, the court denied his appeal and the United States Supreme Court denied certiorari.  Id. at 1101; ECF No. 1-2.

In 1997, Petitioner filed his first petition for Writ of Habeas Corpus in this Court.  (ECF No. 1-3.)  That petition was denied because it was untimely filed and, in 1999, Petitioner's

motion for a certificate of appealability with the First Circuit was also denied. (ECF No. 1-3; Mandate of USCA, ECF No. 49 in Mattatall v. Vose, CA No. 97-515 (D.R.I. Nov. 1, 1999).) The Supreme Court denied review. Id. Additionally, Petitioner has filed at least three applications for post-conviction relief with the Rhode Island Supreme Court - in 1992, 2001, and 2013. See Mattatall v. State, 126 A.3d 480 (R.I. 2015). These applications have each been denied. Id.

Petitioner has now filed his second Writ of Habeas Corpus with this Court, asserting a claim of ineffective assistance of counsel at his 1988 trial. (ECF No. 1.) He alleges that because his attorney failed to object to the language of the manslaughter instruction charged to the jury, Petitioner was erroneously found guilty of second-degree murder. Id.

II. Discussion

This petition for Writ of Habeas Corpus is the second Petitioner has filed for relief from his 1988 conviction. Due to this, 28 U.S.C. § 2244, which outlines the procedural steps a movant must take to file a second habeas petition, applies so long as the first petition was decided on the merits. See Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997). The dismissal of an initial petition as time-barred qualifies as an adjudication on the merits when considering a successive habeas petition. See Cook v. Ryan, No. CIV.A. 12-11840-RWZ, 2012 WL 5064492, at *2 (D.

Mass. Oct. 15, 2012) (collecting cases); see also Pierce v. Wall, C.A. No. 08-72 S, 2008 WL 896148, at *1 (D.R.I. Apr. 2, 2008). Since Petitioner's 1997 petition was dismissed as time-barred, 28 U.S.C. § 2244 applies here.

In pertinent part, § 2244(b)(3)(A) requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  This provision "[strips] the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward."  Pratt, 129 F.3d at 57; see also Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999).

The record does not reflect nor does Petitioner assert that he has petitioned the Court of Appeals for a certificate of appealability on this second habeas petition, which he alleges provides new grounds for relief not available to him when he presented his first federal habeas petition.  As such, Petitioner's motion must be dismissed until such time that he obtains a certificate of appealability from the Court of Appeals.  Id.

III. Conclusion

For the foregoing reasons, Petitioner's petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DISMISSED.


IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  July 29, 2016